## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

BRENDA BROWN, ET AL.                    *CIVIL NO. 6:13-2436

VERSUS                                  *JUDGE DOHERTY

LAFAYETTE CITY-PARISH CONSOLIDATED   * MAGISTRATE JUDGE HILL
GOVERNMENT, ET AL.

### REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss filed on behalf of the Lafayette Police Department. [rec. doc. 16].  The Motion has been referred to the undersigned for report and recommendation. [rec. doc. 19].

In their Complaint, plaintiffs Brenda Brown and Grayland Alfred, individually and on behalf of their deceased son, Devante Brown assert that the defendants, which include the Lafayette City-Parish Consolidated Government through the City of Lafayette and the Lafayette Police Department ("LPD"), violated Devante Brown's civil rights when he was fatally shot by either Marshal Phil Conrad and/or Officer Shannon Brasseaux.

In the instant motion, the LPD contends that it lacks capacity to be sued and, accordingly, plaintiffs have no cause of action against it.  The LPD asserts that it is not a juridical person separate and distinct from the City of Lafayette, and accordingly, may not be sued in its own right.

### LAW AND ANALYSIS

For a plaintiff to sue a city department, it must enjoy a legal existence separate from the city.  *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991).

Fed.R.Civ.Proc. 17 provides that parties must have the capacity to sue or be sued.  Article 24 of the Louisiana Civil Code provides in relevant part: "A juridical person is an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.  *See Boudreaux v. Bourgeois,* 1999 WL 804080, *3 (E.D. La. 1999) *citing Norwood v. City of Hammond*, 1999 WL 777713 at *2-3 (E.D. La. 1999).

The undersigned has found no law, Constitutional, statutory, or otherwise, that confers upon the LPD the authority to sue or be sued, or that entitles it to function independently of the City of Lafayette. Thus, the undersigned concludes that the LPD is a department of the City of Lafayette and not an individual, corporation, partnership, or unincorporated association; as such has no independent legal existence or the capacity to be sued. Indeed, this Court has so found on numerous occasions.  *Thibodeaux v. Lafayette City Police Dept.,* 2013 WL 6194898, *2 (W.D. La. 2013); *Marceaux v. Lafayette Consolidated Government*, 2012 WL 5197667, *2 fn. 11 (W.D. La. 2012) *citing Cormier v. Lafayette City Parish Consol. Government*, 2011 WL 5156862, *3 (W.D. La. 2011), *Batiste v. Bonin*, 2007 WL 1791219, *4 (W.D. La. 2007); *Durall v. Lafayette Police Dept*., 2011 WL 6181387, *1 fn. 1 (W.D. La. 2011); .

In so concluding, the undersigned also observes that it is well established in a number of other jurisdictions that police departments do not have an existence separate from the city they serve, and are thus not separate legal entities capable of being sued.[1]  Thus, federal courts have

---

[1]*See  Darby,* 939 F.2d at 313 (under Texas law, police department in city organized under home rule charter may not be sued);  *Norwood,* 1999 WL 777713 at *2-3;  *Causey v. Parish of Tangipahoa*, 167 F. Supp.2d 898, 909 (E.D. La. 2001);  *Dunmars v. City of Chicago*, 22 F. Supp.2d 777, 780-81 (N.D. Ill.1998); *Cooper v. Parrish*, 20 F. Supp.2d 1204, 1211 (W.D. Tenn.1998), *aff'd in part, rvd and vacated

consistently dismissed § 1983 claims against entities, such as police departments which are not amenable to suit in their own right.[2]

The defendant concedes that the LPD is considered part of the City of Lafayette. However, it is unclear as to whether plaintiffs have properly named the City of Lafayette as a defendant herein.  Accordingly, upon Motion, the undersigned will grant plaintiffs leave to amend their pleadings naming the appropriate entity, the City of Lafayette, as the proper party defendant, if necessary.  *See Parker v. Fort Worth Police Department*, 980 F.2d 1023, 1026 (5th Cir. 1993) (although a police department may not be a proper party defendant, that conclusion does not constitute a proper ground for dismissing a plaintiff's claims.  Rather, in the absence of a showing of prejudice, leave to amend to name the proper party defendant rather than

---

*in part on other grounds*, 203 F.3d 937 (6th Cir. 2000); *London v. Hamilton,* 1996 WL 942865 at *8 (W.D. N.C. 1996); *Boudreaux,* 1999 WL th 4080 at *3 (same).

[2]  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (plaintiff's § 1983 claim against sheriff's department must be dismissed because sheriff's department was not suable entity).  The Court in *Dean* noted that the "question here is not whether the Jefferson County Sheriff's Department is a 'person' for the purposes of liability under *Monell* and § 1983, but whether the Department is a legal entity subject to suit."  *Dean,* 951 F.2d at 1214.

*See also Wright v. El Paso County  Jail*, 642 F.2d 134, 136 n. 3 (5th Cir.1981) (the county rather than the county jail is the legal entity with capacity to be sued);  *Cozzo v. Tangipahoa Parish Counsel,* 279 F.3d 273, 283 (5th Cir. 2002) *citing Porche v. St. Tammany Parish Sheriff's Office,* 67 F.Supp.2d 631, 635 (E.D. La. 1999) (recognizing that "a sheriff's office is not a legal entity capable of being sued, Louisiana sheriffs are amenable to suit");  *Piearson v. Corrections Center Lafayette Parish,* 2006 WL 4012476, * (W.D. La. 2006) (same); *Walker v. Iberia Parish Sheriff Department,* 2007 WL 2127706, *1 (W.D. La. 2007) (same); *Pierre v. Schlemmer*, 932 F. Supp. 278, 280 (M.D. Fla.1996) (dismissing § 1983 claim against police department); *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993) (same); *Norwood, supra.*(same) *; Boudreaux, supra*. (same); *Causey, supra*. (same); *Dillon v. Jefferson County Sheriff's Dept.,* 973 F. Supp. 626, 628 (E.D. Tex. 1997) (narcotics task force not a separate legal entity amenable to suit); *Jacobs v. Port Neches Police Department*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (dismissing § 1983 claim against a sheriff department); *Rideau v. Jefferson County*, 899 F. Supp. 298, 301 (E.D. Tex. 1995) *citing Alcala v. Dallas County Sheriff*, 988 F.2d 1210 (5th  Cir. 1993) (same).

dismissal is appropriate).

Based on the foregoing reasons, it is recommended that the Motion to Dismiss [rec. doc. 16] be **GRANTED** and accordingly, the Lafayette Police Department be **DISMISSED WITH PREJUDICE** from this lawsuit.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed December 4, 2013, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RFD
On:  12/4/2013
By:  MBD