UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRENDA BROWN, ET AL. | *CIVIL NO. 6:13-2436 |
| VERSUS | *JUDGE DOHERTY |
| LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT, ET AL. | * MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Pending before the Court is the "Motion to Strike Penalty, Punitive or Exemplary Damages" [rec. doc. 15] filed by the Lafayette City-Parish Consolidated Government and Chief of Police James P. Craft ("Chief Craft") in his official capacity.  By this Motion, these defendants seek to "strike" plaintiffs' claims for punitive damages, thereby essentially dismissing those claims with prejudice.  The Motion been referred to the undersigned for report and recommendation. [rec. doc. 19].

For the following reasons, it is recommended that the Motion to Strike [rec. doc. 15] be **DENIED.**

## STATEMENT OF CLAIM

Before the court is a civil rights action filed by plaintiffs Brenda Brown and Grayland Alfred, individually and on behalf of their deceased son, Devante Brown.  In their Complaint, plaintiffs allege that Devante Brown's civil rights were violated when he was fatally shot by either Marshal Phil Conrad and/or Officer Shannon Brasseaux.  Plaintiffs assert claims pursuant to 42 U.S.C. § 1983 and Louisiana state law.  In paragraphs 17 and 35, plaintiffs make a claim for an award of punitive damages. [*See* rec. doc. 1, ¶ 17, 35; *see also* Prayer for Relief].

## LAW AND ANALYSIS

While this Court has previously considered similar requests by counsel for the movants to "strike" claims for punitive damages, purportedly under Rule 12(f) of the Federal Rules of Civil Procedure, it is clear that such a request under Rule 12(f) is procedurally improper. A Motion to Strike under Rule 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Cambridge Toxicology Group, Inc. v. Exnicios,* 495 F.3d 169, 177 (5th Cir. 2007).

The instant Motion is directed toward specific allegations in the Complaint, that is, plaintiffs' demand for punitive damages. It is clear that these specific allegations of the Complaint constitute neither an insufficient defense, nor a redundant, immaterial, impertinent or scandalous allegation, covered by the motion to strike. Therefore, the procedural device set forth in Rule 12(f) is inapplicable. *Drewett v. Aetna Cas. & Surety Co.*, 405 F.Supp. 877, 878 (W.D. La. 1975) *citing* Wright & Miller, Federal Practice and Procedure § 1380 ("as the cases make clear, [Rule 12(f)] is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint"); *Whittlestone Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-975 (9th Cir. 2010) (holding that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law")[1]; *Brown v. Aetna*

---

[1] In addition to its reliance on the text of Rule 12(f) itself, the United States Court of Appeals for the Ninth Circuit held, there are two additional reasons that a claim for damages raised in a complaint should not be subject to a motion to strike under Rule 12(f). First, to conclude that certain "damages should be stricken from the complaint, because such damages are precluded as a matter of law," would create "redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion . . . already serves such a purpose." *Whittlestone, Inc.*, 618 F.3d at 974 (citations and internal quotation marks omitted). Second, "Rule 12(f) motions are reviewed for 'abuse of discretion,' whereas 12(b)(6)

*Life Ins. Co.,* 2013 WL 3442042, *3-4 (W.D. Tex. 2013) (holding that a plaintiff's claims for extra-contractual and punitive damages are not properly challenged in a Motion to Strike under Rule 12(f)); *Consumer Solutions REO, LLC v. Hillery*, 658 F.Supp.2d 1002, 1020–21 (N.D. Cal. 2009) (finding with respect to a challenge to claims in a complaint and the availability of punitive damages that "[t]he proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6) not Rule 12(f)"). S*ee also Herrerra v. Michigan Dept. of Corrections*, 2011 WL 3862426, *1 (E.D. Mich. 2011) (denying a Rule 12(f) Motion seeking to strike an amended complaint because Rule 12(f) does not provide for such relief); *Dragovic v. Enprotech Steel Services*, 2010 WL 4739931, *2 (N.D. Ohio 2010) *citing Wabash Valley Power Ass'n, Inc. v. Pub. Serv. Co. of Ind., Inc.*, 678 F.Supp. 757, 761 (S.D. Ind.1988) ("A 12(f) motion to strike is not the proper procedure to place plaintiff's pleadings in issue."); *Nuccio v. General Host Corp.*, 53 F.R.D. 234, 238 (E.D. La. 1971) (denying a Rule 12(f) motion seeking to strike a plaintiff's second cause of action based in tort under the provisions of the workmen's compensation act because the Motion was "improperly raised" under Rule 12(f) "since [the Motion] does not allege that a part of the complaint is 'redundant, immaterial, impertinent, or scandalous").

---

motions are reviewed *de novo*," which would allow a party to obtain a procedural advantage on appeal simply by filing an otherwise identical motion under a different label. *Id.* (citations omitted). Because both of these rationales are equally applicable under Fifth Circuit jurisprudence, as found by the Western District of Texas, the *Whittlestone* decision is compelling and has persuasive force. *See Brown v. Aetna Life Ins. Co.,* 2013 WL 3442042, *4 (W.D. Tex. 2013).

Rather, a Motion which, in essence, seeks to dismiss a claim for relief in a Complaint, is properly asserted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Drewett*, 405 F.Supp. at 878 *citing* Wright & Miller, Federal Practice and Procedure, Section 1358 (a Rule 12(b)(6) motion "may be used to challenge the sufficiency of part of a pleading, such as a single count or claim for relief."); *Brown,* 2013 WL 3442042, at *4; *Whittlestone, Inc.*, 618 F.3d at 974 (noting that because the Rule12(f) motion "was really an attempt to have certain portions of [the plaintiff's] complaint dismissed or to obtain summary judgment . . . as to those portions of the suit" the appropriate procedural vehicle for obtaining such relief was by way of a Rule 12(b)(6) motion or a Rule 56 motion); *Consumer Solutions REO, LLC*, 658 F.Supp.2d at 1020 (citations omitted).

While this Court has the discretion to construe the pleading as a Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[2], the Court declines to do so in this case. Counsel for the defendants has been repeatedly advised that the use of a Motion to Strike under Rule 12(f) to request dismissal of a plaintiff's claim for punitive damages is procedurally improper. Yet, defense counsel has repeatedly ignored this Court's advice and has continued to file the same standard form Motion to Strike in virtually every § 1983 case in which counsel has been retained to provide a defense. Accordingly, to remedy this unfortunate practice, denial of the instant Motion is warranted.

For these reasons;

---

[2] *See Consumer Solutions REO, LLC*, 658 F.Supp.2d at 1021 and cases cited therein.

**4**

**IT IS RECOMMENDED** that the defendants' Motion to Strike [rec. doc. 15] be **DENIED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 5th day of December, 2013, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RFD
On:  12/5/2013
By:  MBD