# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

BRENDA BROWN, ET AL.                             *CIVIL NO. 6:13-2436

VERSUS                                           *JUDGE DOHERTY

LAFAYETTE CITY-PARISH CONSOLIDATED   * MAGISTRATE JUDGE HILL
GOVERNMENT, ET AL.

## REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation is the Motion to Dismiss filed pursuant to Rule 12(b)(5) FRCP by Officer Shannon Brasseaux. [rec. doc. 17]. For those reasons set out below, **IT IS RECOMMENDED** that the attempted service directed by mail to the "Police Department of Lafayette" which was accepted by the signature of Sergeant K. Bayard should be **quashed**, and the Motion to Dismiss for insufficiency of citation and service of process should be **DENIED** at this time **Without Prejudice**.

## BACKGROUND

Plaintiffs Brenda Brown and Grayland Alfred, individually and on behalf of their deceased son, Devante Brown filed the instant Complaint on August 7, 2013. In their Complaint, plaintiffs name, amongst others, the Lafayette City-Parish Consolidated Government, Chief of Police James P. Craft and Officer Shannon Brasseaux. Plaintiffs allege that Devante Brown's civil rights were violated on August 7, 2012 when he was fatally shot by either Marshal Phil Conrad and/or Officer Shannon Brasseaux. Plaintiffs assert claims pursuant to 42 U.S.C. § 1983 and Louisiana state law. Officer Brasseaux is sued in both his official and individual capacity. The instant Motion was filed on November 15, 2013.

## LAW AND ANALYSIS

Officer Brasseaux argues that this Court lacks personal jurisdiction over him because, as evidenced by the alleged lack of a service return in the record, he was not served with a Summons and the Complaint.  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." *Omni Capital Int'l Ltd. v.. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Under Rule 12(b)(5), a party may file a motion asserting insufficient service of process as a defense.

Contrary to Officer Brasseaux's argument, a service return does appear in the record. That return indicates that paralegal Gypsy Lavergne served Officer Shannon Brasseaux by certified mail "through Police Department of Lafayette, at 900 East University Avenue, Lafayette, La." on August 16, 2013, and that "service [was] accepted by signature of Sgt. K. Bayard." [rec. doc. 13, pg. 2].

Service on a police department, other officers or police station staff  is generally insufficient to effect service on a police officer sued in his individual capacity. *Carter v. City of Thibodaux,* 2013 WL 5673570, *2-3 (E.D. La. 2013); *Goodman v. Clark*, 2010 WL 2838396, *6-10 (N.D. Ind. 2010)*; Laffey v. Plousis,* 2008 WL 305289, *5 (D. N.J. 2008) *citing Elkins v. J.A. Broome*, 213 F.R.D. 273, 276 (M.D. N.C. 2003); *Melton v. Wiley,* 262 F. App'x 921, 923 (11th Cir. 2008); *Etris v. Snyder,* 2012 WL 692811, *3 (N.D. Ga. 2012).  *See also Daly–Murphy v. Winston,* 837 F.2d 348, 355 (9th Cir. 1987) ("Rule 4 has generally been construed to mean that service at a defendant's place of employment is insufficient [when he is sued in his individual capacity].").

There is no evidence to suggest that Officer Brasseaux appointed Sergeant K. Bayard to accept service on his behalf.  Accordingly, and based on the foregoing, the Court concludes that the service on Officer Brasseaux is insufficient.

"Upon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process. However, dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Umbenhauer v. Woog,* 969 F.2d 25, 30 (3rd Cir. 1992); *Rhodes v. J.P. Sauer & Sohn, Inc.,* 98 F.Supp.2d 746, 750 (W.D. La. 2000) (the "general rule" is that "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.") *citing* 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1354, at 289-290 (West 1990).[1]

Officer Brasseux requests that this Court dismiss the plaintiffs' Complaint against him with prejudice.  However, there is a reasonable prospect that proper service may yet be obtained in the near future by simply re-serving Officer Brasseaux.  Moreover, Officer Brasseaux does not appear to have suffered any prejudice to his ability to defend this suit as a result of the defective attempt at service.  He has appeared in the case by virtue of the instant Motion, at the same time, through the same counsel, as the municipal defendant and Chief Craft. [*See* rec. doc. 14].  Moreover, the delay occasioned by the improper service, if any, is

---

[1] *See also Magee v. St. Tammany Parish Jail*, 2010 WL 1424404, *2 (E.D. La. 2010) *citing Amous v. Trustmark Nat. Bank,* 195 F.R.D. 607, 610 (N.D. Miss. 2000); *Skiba v. Love,* 2008 WL 700183, *2 (S.D. Miss. 2008); First Bank of Canyon Creek v. Meints, 2007 WL 2089377, *3 (N.D. Tex. 2007)*.

3

minimal.  Indeed, the instant Motion was filed prior to the expiration of the 120 day limitation for service.  Finally, given that addresses of police officers are not generally readily available, it appears that counsel's service attempt through the Lafayette Police Department was not done in bad faith, but rather constituted an innocent, good faith mistake.

For these reasons, the undersigned recommends that this action against Officer Brasseaux not be dismissed.  Rather, the undersigned recommends that the service on Officer Brasseaux directed by mail to the Lafayette Police Department should be quashed, and that the plaintiffs be afforded sixty (60) days from the filing of a Judgment on this Motion to properly serve Officer Brasseaux.

## CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the attempted service on Officer Brasseaux directed by mail to the "Police Department of Lafayette" which was accepted by the signature of Sergeant K. Bayard should be **quashed**, and the Motion to Dismiss [rec. doc. 17] should be **DENIED** at this time **Without Prejudice**.  **IT IS FURTHER RECOMMENDED** that plaintiffs be afforded sixty (60) days from the filing of a Judgment on this Motion to properly serve Officer Brasseaux

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 5th day of December, 2013, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RFD
By: MBD
On: 12/5/2013