UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**BRENDA BROWN, ET AL.** \*CIVIL NO. 6:13-2436

**VERSUS** \*JUDGE DOHERTY

**LAFAYETTE CITY-PARISH CONSOLIDATED** \*MAGISTRATE JUDGE HILL
**GOVERNMENT, ET AL.**

### REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss filed on Behalf of the Lafayette Police Department. [rec. doc. 39]. The Motion has been referred to the undersigned for report and recommendation. [rec. doc. 44].

In their Complaint, plaintiffs Brenda Brown and Grayland Alfred, individually and on behalf of their deceased son, Devante Brown assert that the defendants, which include the Lafayette City-Parish Consolidated Government through the City of Lafayette and the Lafayette Police Department ("LPD"), violated Devante Brown's civil rights when he was fatally shot by either Marshal Phil Conrad and/or Officer Shannon Brasseaux.

In response, the LPD filed a Motion to Dismiss. [rec. doc. 16]. The undersigned has issued a Report and Recommendation recommending that the Motion to Dismiss be granted and that accordingly, the LPD be dismissed from this lawsuit with prejudice. [rec. doc. 21]. No objections have been filed; however, the Court has not yet issued a Judgment.

By Amended Complaint, the plaintiffs request a trial by jury, and re-aver the allegations in their Original Complaint. [rec. doc. 34]. In response, the LPD filed the instant Motion to

Dismiss, again arguing that the LPD lacks capacity to be sued and, accordingly, plaintiffs have no cause of action against it. The LPD additionally again asserts that it is not a juridical person separate and distinct from the City of Lafayette, and accordingly, may not be sued in its own right.

For the reasons previously set forth by the undersigned with respect to the prior Motion to Dismiss [rec. doc. 21], which reasons are adopted herein, it is recommended that the instant Motion to Dismiss [rec. doc. 39] be **GRANTED** and accordingly, the Lafayette Police Department be **DISMISSED WITH PREJUDICE** from this lawsuit.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed February 18, 2014, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

```
Copy sent:  RFD
On:  2/18/2014
By:  MBD
```