UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**BRENDA BROWN, ET AL.**                  *****CIVIL NO. 6:13-2436**

**VERSUS**                                                 *****JUDGE DOHERTY**

**LAFAYETTE CITY-PARISH CONSOLIDATED**    ***** MAGISTRATE JUDGE HILL**
**GOVERNMENT, ET AL.**

### REPORT AND RECOMMENDATION

Pending before the Court is the "Motion to Strike Penalty, Punitive or Exemplary Damages" [rec. doc. 40] filed by Officer Shannon Brasseaux ("Brasseaux"), in his official capacity, the Lafayette City-Parish Consolidated Government and Chief of Police James P. Craft ("Chief Craft"), in his official capacity, on February 4, 2014. By this Motion, Brasseaux and Craft seek to "strike" plaintiffs' claim for punitive damages against them in their official capacity, and the Lafayette City-Parish Consolidated Government, seeks to "strike" all of plaintiffs' claim for punitive damages against it, thereby essentially dismissing those claims with prejudice. The Motion has been referred to the undersigned for report and recommendation. [rec. doc. 44].

For the following reasons, it is recommended that the Motion to Strike [rec. doc. 40] be **DENIED.**

### STATEMENT OF CLAIM

Before the court is a civil rights action filed by plaintiffs Brenda Brown and Grayland Alfred, individually and on behalf of their deceased son, Devante Brown. In their Complaint, plaintiffs allege that Devante Brown's civil rights were violated when he was fatally shot by

either Marshal Phil Conrad and/or Officer Shannon Brasseaux. Plaintiffs assert claims pursuant to 42 U.S.C. § 1983 and Louisiana state law. In paragraphs 17 and 35, plaintiffs make a claim for an award of punitive damages. [*See* rec. doc. 1, ¶ 17, 35; *see also* Prayer for Relief].

## LAW AND ANALYSIS

The City of Lafayette City-Parish Consolidated Government and Chief of Police James P. Craft, in his official capacity, have previously filed a "Motion to Strike Penalty, Punitive or Exemplary Damages" seeking to "strike" plaintiffs' claims for punitive damages against them, thereby essentially dismissing those claims with prejudice. [rec. doc. 15]. That Motion was likewise referred to the undersigned for report and recommendation. [rec. doc. 19]. By Report and Recommendation issued on December 5, 3013, the undersigned recommended that the Motion to Strike be denied because such a request under Rule 12(f) is procedurally improper. Defense counsel was thereby formally advised that the proper procedural vehicle for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6) not Rule 12(f). [rec. doc. 22]. Judge Doherty has not yet ruled on the defendants' objections to the undersigned's Recommendation.

Brasseaux likewise previously filed a "Motion to Strike Penalty, Punitive or Exemplary Damages" seeking to "strike" plaintiffs' claims for punitive damages against him. [rec. doc. 29]. The undersigned has adopted the reasons set forth in the original Report and Recommendation, assigned additional reasons and, accordingly, has recommended that the Motion to Strike be denied.

By Amended Complaint, the plaintiffs request a trial by jury, and re-aver the allegations in their Original Complaint. [rec. doc. 34]. In response, the defendants filed the instant Motion to Strike. [rec. doc. 40].

By the instant Motion, as was the case with the previous Motion to Strike filed by Brasseaux, it is again apparent that defense counsel did not heed the undersigned's prior recommendation. Instead, counsel has again filed a Motion seeking to "strike" the plaintiffs' claim for punitive damages, using the same form previously utilized, in which a single sentence is added, to wit, "In addition, as Judge Doherty has previously ruled in the case of *Simmons v. City of Mamou*, 2009 WL 3294977 (W.D. La. 2009), a Motion to Strike such as the one filed in this case is properly granted in favor of a defendant-officer named in his official capacity under either Rule 12(f) or Rule 12(b)(6)." [rec. doc. 40-1, pg. 3].

In the cited Ruling, Judge Doherty notes that, as in the present case, the defendants did not indicate under which Rule they sought relief. She therefore cited the standard under both Rule 12(f) and 12(b)(6) and, in the exercise of her discretion, chose to grant the Motion. As the undersigned has previously ruled, this Court has discretion to construe the pleading as a Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[1]; however, for the reasons previously set forth in Ruling upon the defendants' Motions to Strike, the Court again declines to do so in this case.

---

[1] *See Consumer Solutions REO, LLC*, 658 F.Supp.2d at 1021 and cases cited therein.

Counsel for the defendants has been expressly advised in this very same case, that the use of a Motion to Strike under Rule 12(f) to request dismissal of a plaintiff's claim for punitive damages is procedurally improper.[2]  Yet, defense counsel has once again filed the same standard form Motion to Strike, for a third time in this same litigation.  The undersigned will not, in any future action, favorably consider counsel's request if framed as a Motion to Strike.

For these reasons;

**IT IS RECOMMENDED** that the defendants' Motion to Strike [rec. doc. 40] be **DENIED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

---

[2] See the following cases cited in the prior Report and Recommendation:  *Drewett v. Aetna Cas. & Surety Co.*, 405 F.Supp. 877, 878 (W.D. La. 1975) *citing* Wright & Miller, Federal Practice and Procedure § 1380 ("as the cases make clear, [Rule 12(f)] is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint"); *Whittlestone Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-975 (9th Cir. 2010) (holding that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law"); *Brown v. Aetna Life Ins. Co.,* 2013 WL 3442042, *3-4 (W.D. Tex. 2013) (holding that a plaintiff's claims for extra-contractual and punitive damages are not properly challenged in a Motion to Strike under Rule 12(f)); *Consumer Solutions REO, LLC v. Hillery*, 658 F.Supp.2d 1002, 1020–21 (N.D. Cal. 2009) (finding with respect to a challenge to claims in a complaint and the availability of punitive damages that "[t]he proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6) not Rule 12(f)"). S*ee also Herrerra v. Michigan Dept. of Corrections*, 2011 WL 3862426, *1 (E.D. Mich. 2011) (denying a Rule 12(f) Motion seeking to strike an amended complaint because Rule 12(f) does not provide for such relief); *Dragovic v. Enprotech Steel Services*, 2010 WL 4739931, *2 (N.D. Ohio 2010) *citing Wabash Valley Power Ass'n, Inc. v. Pub. Serv. Co. of Ind., Inc*., 678 F.Supp. 757, 761 (S.D. Ind.1988) ("A 12(f) motion to strike is not the proper procedure to place plaintiff's pleadings in issue."); *Nuccio v. General Host Corp*., 53 F.R.D. 234, 238 (E.D. La. 1971) (denying a Rule 12(f) motion seeking to strike a plaintiff's second cause of action based in tort under the provisions of the workmen's compensation act because the Motion was "improperly raised" under Rule 12(f) "since [the Motion] does not allege that a part of the complaint is 'redundant, immaterial, impertinent, or scandalous"); *Consumer Solutions REO, LLC*, 658 F.Supp.2d at 1021 and cases cited therein.

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 14th day of February, 2014, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

```
Copy sent:  RFD
On:  2/18/2014
By:  MBD
```